UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
Atlanta Division

| | |
|---|---|
| FOUNDING FOURTEEN, INC. d/b/a FULTON ACADEMY OF SCIENCE AND TECHNOLOGY, ANNETTE HIGGINS, STAN J. BEINER, ASHLEY STINGER, JUNE ERICKSON, JOSEPH AKPAN, AND PETER EPSTEIN, *Plaintiffs*, v. ALLIANCE OF NONPROFITS FOR INSURANCE, RISK RETENTION GROUP, *Defendant*. | Civil Action No. **JURY TRIAL DEMANDED** |

## COMPLAINT

Plaintiffs Founding Fourteen, Inc. d/b/a Fulton Academy of Science and Technology ("FAST"), Annette Higgins, Stan J. Beiner, Ashley Stinger, June Erickson, Joseph Akpan, and Peter Epstein (collectively, "the Insureds") file this Complaint against Alliance of Nonprofits for Insurance, Risk Retention Group ("ANI"), showing the Court as follows:

### Parties

1.    FAST is a nonprofit corporation organized and existing under the laws of the State of Georgia, with its principal place of business in Georgia.

2. Annette Higgins is an individual domiciled in Georgia.

3. Stan J. Beiner is an individual domiciled in Georgia.

4. Ashley Stinger is an individual domiciled in Georgia.

5. June Erickson is an individual domiciled in Georgia.

6. Joseph Akpan is an individual domiciled in Georgia.

7. Peter Epstein is an individual domiciled in Georgia.

8. Collectively, Akpan, Beiner, Epstein, Erickson, Higgins, and Stinger shall be referred to as the "Individual Insureds."

9. ANI is a Risk Retention Group entity organized and existing under the laws of the State of Vermont with its principal place of business in Vermont. Upon information and belief, ANI is licensed to do business in the State of Georgia.

**Jurisdiction and Venue**

10. The amount in controversy in this matter exceeds the sum of $75,000 exclusive of interest and costs, and there is complete diversity of citizenship among the parties. Accordingly, this Court has jurisdiction over these claims pursuant to 28 U.S.C. § 1332.

11. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the claim occurred in this District.

## General Allegations

12. FAST operates a public charter school in Roswell, Georgia.

13. At the relevant times, Higgins, Beiner, Stinger, and Epstein were administrators at FAST.

14. At the relevant times, Akpan and Erickson were on the Board of FAST.

15. ANI issued an insurance policy, Policy No. 2018-47268, to FAST, for the policy period of August 1, 2018 to August 1, 2019 (the "2018 Policy"). The 2018 Policy included multiple coverage parts, including an Improper Sexual Conduct and Physical Abuse Liability Coverage Form.

16. ANI also issued an insurance policy, Policy No. 2019-47268, to FAST, for the policy period of August 1, 2019 to August 1, 2020 (the "2019 Policy"). Like the 2018 Policy, the 2019 Policy also included multiple coverage parts, including an Improper Sexual Conduct and Physical Abuse Liability Coverage Form. Collectively, the 2018 Policy and 2019 Policy shall be referred to as "the Policies."

17. The Individual Insureds qualify as insureds under the Policies.

18. The Policies include separate limits of $1 million per claim and $2 million aggregate for their respective Improper Sexual Conduct and Physical Abuse Liability Coverage Forms.

19. The Improper Sexual Conduct and Physical Abuse Liability

Coverage Forms under the Policies provide, in part, as follows:

> Any "claim," "claims" or "suits" for "damages" because of "bodily injury" arising from a single act or a series of continuous or repeated acts of "improper sexual conduct" or "physical abuse" by the same person or two or more persons acting in concert, including "damages" claimed by any person or organization for care, loss of services, or death resulting at any time from "bodily injury" arising from "improper sexual conduct" or "physical abuse", will be considered as having resulted from the same "improper sexual conduct" or "physical abuse," which shall be deemed to have been committed on the date of the first such act.

20. In August 2022, FAST received notice of two separate, potential claims alleging misconduct by a former employee.

21. These two separate claims eventually became lawsuits asserted against the Insureds and styled as (1) *Jane Doe et al. v. Founding Fourteen, Inc. et al.*, Case No. 1:23-cv-02666-SCJ, United States District Court for the Northern District of Georgia ("First Lawsuit") and (2) *Jane Doe et al. v. Founding Fourteen, Inc. et al.*, Case No. 1:23-cv-00799-JPB, United States District Court for the Northern District of Georgia ("Second Lawsuit").

22. The First Lawsuit involves allegations of misconduct between August 2018 and December 2019, beginning during the policy period for the 2018 Policy.

23. The Second Lawsuit involves allegations of misconduct in 2020, during the policy period for the 2019 Policy.

24. Despite the First Lawsuit and Second Lawsuit involving different

4

plaintiffs, different conduct, and different time periods, ANI has improperly taken the position that the claims set forth in the First and Second Lawsuits are related claims "arising from a single act or a series of continuous or repeated acts of 'improper sexual conduct' or 'physical abuse' by the same person or two or more persons acting in concert." Thus, ANI has taken the position that these two lawsuits are covered under only the 2018 Policy and subject to its $1 million in policy limits for its Improper Sexual Conduct and Physical Abuse Liability Coverage Form.

## Count I
## (Declaratory Judgment – Not Related Claims)

25.     The Insureds hereby incorporate by reference the allegations set forth in Paragraphs 1 through 24 above.

26.     The Policies contain Improper Sexual Conduct and Physical Abuse Liability Coverage Forms.

27.     ANI agrees that the First Lawsuit and Second Lawsuit are covered under the Improper Sexual Conduct and Physical Abuse Liability Coverage Forms.

28.     The First Lawsuit alleges misconduct that began during the policy period for the 2018 Policy. The Second Lawsuit alleges distinct misconduct that occurred in 2020, during the policy period for the 2019 Policy.

29.     The First Lawsuit and Second Lawsuit involve different plaintiffs,

5

different conduct, and different time periods. In other words, the First Lawsuit and Second Lawsuit do not arise from a "single act or a series of continuous or repeated acts."

30. However, ANI has taken the position that the First Lawsuit and Second Lawsuit involve related claims "arising from a single act or a series of continuous or repeated acts of 'improper sexual conduct' or 'physical abuse' by the same person or two or more persons acting in concert."

31. As such, ANI has taken the position that the First Lawsuit and Second Lawsuit are both subject to only the Improper Sexual Conduct and Physical Abuse Liability Coverage Form in the 2018 Policy, including its $1 million per claim limit.

32. There exists an actual controversy between ANI and the Insureds as to ANI's duties, responsibilities, and obligations and as to the Insureds' rights under the Policies, entitling the Insureds to a declaration of rights and further relief under 28 U.S.C. § 2201.

33. A declaration of the Insureds' rights pursuant to 28 U.S.C. § 2201 would alleviate uncertainty facing the Insureds with respect to whether the First Lawsuit and Second Lawsuit are related claims "arising from a single act or a series of continuous or repeated acts of 'improper sexual conduct' or 'physical abuse' by the same person or two or more persons acting in concert," such that they are both subject to only the Improper Sexual Conduct and

Physical Abuse Liability Coverage Form in the 2018 Policy, including its $1 million per claim limit.

34. Pursuant to 28 U.S.C. § 2201, the Insureds respectfully request that the Court declare that the First Lawsuit and Second Lawsuit are not related claims "arising from a single act or a series of continuous or repeated acts of 'improper sexual conduct' or 'physical abuse' by the same person or two or more persons acting in concert."

## Count II
**(Declaratory Judgment – Duty to Defend Under 2019 Policy)**

35. The Insureds hereby incorporate by reference the allegations set forth in Paragraphs 1 through 24 above.

36. The Policies both contain Improper Sexual Conduct and Physical Abuse Liability Coverage Forms.

37. ANI agrees that the First Lawsuit and Second Lawsuit are covered under the Improper Sexual Conduct and Physical Abuse Liability Coverage Forms.

38. However, ANI has taken the position that the First Lawsuit and Second Lawsuit involve related claims "arising from a single act or a series of continuous or repeated acts of 'improper sexual conduct' or 'physical abuse' by the same person or two or more persons acting in concert."

39. As such, ANI has taken the position that the First Lawsuit and

7

Second Lawsuit are both subject to only the Improper Sexual Conduct and Physical Abuse Liability Coverage Form in the 2018 Policy, including its $1 million per claim limit.

40. There exists an actual controversy between ANI and the Insureds as to ANI's duties, responsibilities, and obligations and as to the Insureds' rights under the Policies, entitling the Insureds to a declaration of rights and further relief under 28 U.S.C. § 2201.

41. A declaration of the Insureds' rights pursuant to 28 U.S.C. § 2201 would alleviate uncertainty facing the Insureds with respect to whether ANI has a duty to defend and indemnify the Insureds, up to the policy limits, for the Second Lawsuit under the 2019 Policy.

42. Pursuant to 28 U.S.C. § 2201, the Insureds respectfully request that the Court declare that ANI has a duty to defend and indemnify, up to the policy limits, the Second Lawsuit under the 2019 Policy.

**Count III**
**(Declaratory Judgment – Allocation of Defense Costs)**

43. The Insureds hereby incorporate by reference the allegations set forth in Paragraphs 1 through 24 above.

44. The Policies both contain Improper Sexual Conduct and Physical Abuse Liability Coverage Forms.

45. ANI agrees that the First Lawsuit and Second Lawsuit are covered

under the Improper Sexual Conduct and Physical Abuse Liability Coverage Forms.

46. However, ANI has taken the position that the First Lawsuit and Second Lawsuit involve related claims "arising from a single act or a series of continuous or repeated acts of 'improper sexual conduct' or 'physical abuse' by the same person or two or more persons acting in concert."

47. As such, ANI has taken the position that the First Lawsuit and Second Lawsuit are both subject to only the Improper Sexual Conduct and Physical Abuse Liability Coverage Form in the 2018 Policy, including its $1 million per claim limit.

48. The Improper Sexual Conduct and Physical Abuse Liability Coverage Forms are "eroding," such that defense costs paid under these coverage forms erode the limits available under the Policies.

49. There exists an actual controversy between ANI and the Insureds as to ANI's duties, responsibilities, and obligations and as to the Insureds' rights under the Policies, entitling the Insureds to a declaration of rights and further relief under 28 U.S.C. § 2201.

50. A declaration of the Insureds' rights pursuant to 28 U.S.C. § 2201 would alleviate uncertainty facing the Insureds with respect to whether ANI must allocate the defense costs that it has paid for the Second Lawsuit to the 2019 Policy, rather than to the 2018 Policy.

9

51. Pursuant to 28 U.S.C. § 2201, the Insureds respectfully request that the Court declare that ANI must allocate the defense costs that it has paid for the Second Lawsuit to the 2019 Policy, rather than to the 2018 Policy.

## PRAYER FOR RELIEF

WHEREFORE, the Insureds respectfully pray for the following relief against ANI:

a.  A trial by jury on all issues so triable;

b.  A declaratory judgment in the Insureds' favor that the First Lawsuit and Second Lawsuit are not related claims "arising from a single act or a series of continuous or repeated acts of 'improper sexual conduct' or 'physical abuse' by the same person or two or more persons acting in concert";

c.  A declaratory judgment in the Insureds' favor that ANI has a duty to defend and indemnify, up to the policy limits, the Second Lawsuit under the 2019 Policy;

d.  A declaratory judgment in the Insureds' favor that ANI must allocate the defense costs that it has paid for the Second Lawsuit to the 2019 Policy, rather than to the 2018 Policy; and

e.  Such other relief as this Court deems just and proper.

Pursuant to Fed. R. Civ. P. 38, the Insureds hereby demand a jury trial

on all issues so triable.

Respectfully submitted, this 23rd day of September, 2025.

**FELLOWS LABRIOLA LLP**

*/s/ Ethan M. Knott*
Ethan M. Knott
Georgia Bar No. 737481
eknott@fellab.com
Suite 2400 Harris Tower
233 Peachtree Street, N.E.
Atlanta, Georgia 30303
(404) 586-9200

*Counsel for Plaintiffs*